IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL D. MCGEE, | ) |
| Plaintiff, | ) ) ) |
| | ) Judge Ronald A. Guzmán |
| v. | ) |
| | ) 04 C 6684 |
| STEPHEN J. DRESNICK, | ) |
| Defendant. | ) ) ) |

## MEMORANDUM OPINION AND ORDER

Michael D. McGee ("McGee") has sued Stephen J. Dresnick ("Dresnick") for breach of fiduciary duty, breach of contract, promissory estoppel, fraudulent misrepresentation and unjust enrichment. The case is before the Court on defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(7) for failure to join an indispensable party.[1] For the reasons provided in this Memorandum Opinion and Order, the motion is granted in part and denied in part.

### The Legal Standard

On a Rule 12(b)(7) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint. *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 479 n.2 (7th Cir. 2001). Defendant bears the burden of establishing that the party sought to be joined is a

---

[1] Dresnick also invokes Rule 12(b)(1) because joinder of the allegedly indispensable party would destroy diversity jurisdiction. Because Rule 19 contemplates that an indispensable party is one that cannot be joined, we have viewed the motion through the lens of Rule 12(b)(7).

necessary and indispensable party under Rule 19. *Florian v. Sequa Corp.*, No. 98 C 7459, 2002 WL 31844985, at *3 (N.D. Ill. Dec. 18, 2002).

## Factual Background

McGee, an Illinois resident, and Dresnick, a Florida resident, are the principals and co-founders of PhyAm Acquisition Company, LLC, an Illinois limited liability corporation ("the LLC") that they formed to acquire the assets of PhyAmerica Physicians Group, Inc. ("PhyAmerica"). (Am. Compl. ¶¶ 1-4.) On November 8, 2002, PhyAmerica filed for bankruptcy, and McGee and Dresnick soon after agreed to pursue PhyAmerica's assets as equal partners with each partner absorbing half of the expenses they incurred in doing so. (*Id.* ¶¶ 13, 16, 61.)

In July 2003, McGee and Dresnick jointly retained the Chicago law firm of Freeborn & Peters to assist in their business venture. (*Id.* ¶¶ 22-23.) On August 4, 2003, McGee and Dresnick formed the LLC. (*Id.* ¶ 24.) Throughout the summer and fall of 2003, McGee and Dresnick worked with financial advisers to create a plan of reorganization for PhyAmerica and to obtain financing for their bid for the company. (*Id.* ¶¶ 26-30, 32-36, 37-41, 46-48.)

At some point during that time, unbeknownst to McGee, Dresnick decided that he would bid for PhyAmerica on his own. McGee was unaware of Dresnick's plan until September 9, 2003, when a lawyer appeared solely on Dresnick's behalf at a PhyAmerica bankruptcy hearing. (*Id.* ¶ 51.)

On October 1, 2003, Dresnick informed Freeborn & Peters that he had terminated his relationship with McGee. (*Id.* ¶ 69.) On October 16, 2003, without McGee's consent, Dresnick

2

caused Articles of Dissolution to be filed with the Illinois Secretary of State to dissolve the LLC. (*Id.* ¶¶ 72-74.)

By early November 2003, Dresnick and another partner formed the company RD PhyAm to submit a bid for PhyAmerica's assets. (*Id.* ¶ 80.) On December 17, 2003, the bankruptcy court issued a confirmation order authorizing the sale of PhyAmerica to RD PhyAm. (*Id.* ¶ 85.)

On May 12, 2004, Dresnick gave a presentation at a healthcare conference in New York in which he plagiarized materials McGee had created for their partnership. (*Id.* ¶ 91.)

On October 15, 2004, McGee filed a complaint against Dresnick on his own behalf and on behalf of the LLC. (*See* Def.'s Mem. Law Supp. Mot. Dismiss, Ex. A, Compl.) Dresnick moved to dismiss the complaint for lack of subject matter jurisdiction because the LLC and Dresnick are both citizens of Florida. In response to that motion, McGee filed an amended complaint, which does not name the LLC as a party. Dresnick contends that the LLC, whose joinder will destroy diversity, is an indispensable party to this suit. Thus, he says the case must be dismissed.

## Discussion

In the amended complaint, McGee asserts five claims against Dresnick: breach of fiduciary duty, breach of contract, promissory estoppel, fraudulent misrepresentation and unjust enrichment. Dresnick argues that these claims really belong to the LLC, which must be joined as a party. McGee claims he is suing only on his own behalf for injuries he personally suffered, and that the LLC need not be joined. We will address each claim in turn.

In Count I of the amended complaint, McGee asserts a claim for breach of fiduciary duty. Members of an LLC owe fiduciary duties not only to the company, but to their fellow members

3

as well. *See* 805 ILL. COMP. STAT. 180/15-3. Moreover, members may sue other members who breach those duties "for legal or equitable relief, with or without an accounting as to the company's business." 805 ILL. COMP. STAT. 180/15-20(a). But an LLC member can sue on his own behalf only if he has a personal injury that is distinct from the injury to the corporation. *LID Assocs. v. Dolan*, 756 N.E.2d 866, 885 n.12 (Ill. App. Ct. 2001). If the member can prevail "only by showing an injury or breach of duty to the corporation," the claim will be deemed derivative. *Frank v. Hadesman & Frank, Inc.*, 83 F.3d 158, 160 (7th Cir. 1996) (citation omitted).

McGee alleges that Dresnick breached his fiduciary duties when he: (1) usurped the PhyAmerica deal (Am. Compl. ¶¶ 2, 16-17, 25, 42, 45, 51, 58, 62-66, 79-81, 93); (2) unilaterally dissolved the LLC (*id.* ¶¶ 74-77); and (3) used McGee's business materials without his permission (*id.* ¶¶ 90-91, 94). The first two actions did not cause McGee to suffer an injury distinct from that suffered by the LLC. Rather, his injury from both actions – loss of the opportunity to acquire PhyAmerica – is identical to that of the LLC. Because there would be no basis for these breach of fiduciary duty claims if there were no injury to the LLC, the claims are derivative. *LID Assocs.*, 756 N.E.2d at 885 n.12; *see Elmhurst Consulting, LLC v. Gibson*, 219 F.R.D. 125, 127 (N.D. Ill. 2003) (holding that a breach of fiduciary duty claim based on usurpation of corporate opportunity was derivative).

That is not true, however, for the fiduciary duty claim based on Dresnick's alleged appropriation of McGee's business materials. McGee need not show any injury to the LLC to prevail on his claim that Dresnick used his materials without permission. As a result, that claim is not derivative.

4

In Count II, McGee alleges that Dresnick breached the parties' oral contract to pursue the PhyAmerica deal jointly. (Am. Compl. ¶ 97.) McGee says that Dresnick breached the contract by: (1) usurping the deal (*id.* ¶ 99); (2) refusing to reimburse McGee for half of the expenses incurred in their pursuit of PhyAmerica (*id.*); and (3) wrongfully dissolving the LLC (*id.*). Once again, the claims based on usurpation and dissolution, which cannot exist absent injury to the LLC, are derivative. *LID Assocs.*, 756 N.E.2d at 885 n.12. The claim based on reimbursement, however, is not dependent on injury to the LLC. Because McGee could have sued Dresnick to recover the expenses he incurred during their joint pursuit of PhyAmerica, even if they had closed the deal, that breach of contract claim is not derivative.

In Count III, McGee asserts a claim of promissory estoppel. McGee contends that the parties' contract should be enforced because: (1) Dresnick unambiguously promised McGee that the two would pursue PhyAmerica as partners (Am. Compl. ¶ 102); (2) McGee reasonably relied on that promise (*id.* ¶¶ 103-04); and, as a result, (3) McGee suffered economically because he lost the benefits of the PhyAmerica acquisition and incurred expenses on behalf of the LLC (*id.* ¶ 105). For the reasons discussed above, a promissory estoppel claim based on McGee's loss of the deal is derivative, but a claim based on the expenses he incurred is not.

In Count IV, McGee asserts a fraudulent misrepresentation claim against Dresnick. McGee alleges that Dresnick's false promises to acquire PhyAmerica in partnership with McGee caused McGee "to suffer pecuniary losses as Dresnick acquired the assets if PhyAmerica to the exclusion of [McGee]." (*Id.* ¶ 111.) Because this claim is based solely on Dresnick's alleged usurpation of the LLC's corporate opportunity, it is derivative. *LID Assocs.*, 756 N.E.2d at 885 n.12.

In the last count of the amended complaint, McGee asserts a claim for unjust enrichment. McGee alleges that Dresnick unjustly profited by using McGee's business models and marketing materials to acquire PhyAmerica. (Am. Compl. ¶ 114.) McGee seeks the imposition of a constructive trust "upon any opportunity or benefit realized by Dresnick through his improper acquisition of PhyAmerica." (*Id.* ¶ 116.) To the extent McGee seeks compensation for Dresnick's use of McGee's work, the unjust enrichment claim is not derivative. If, however, McGee seeks to recover the proceeds of the PhyAmerica acquisition, it is derivative.

In sum, McGee asserts both derivative and individual claims. The derivative claims are: (1) the breach of fiduciary duty and breach of contract claims based on Dresnick's alleged usurpation of the PhyAmerica deal and his alleged dissolution of the LLC; (2) the promissory estoppel claim and unjust enrichment claims based on Dresnick's alleged usurpation of the deal; and (3) the fraudulent misrepresentation claim. The individual claims are: (1) the breach of fiduciary duty and unjust enrichment claims based on Dresnick's allegedly unauthorized use of McGee's business materials; and (2) the breach of contract and promissory estoppel claims based on Dresnick's alleged failure to reimburse McGee for half of the expenses incurred by the LLC.

The next question is whether the LLC is a necessary and indispensable party to any of McGee's claims. Under Rule 19, a party is necessary if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

FED. R. CIV. P. 19(a). Moreover, a necessary party is indispensable if the following factors suggest that the action should not proceed without it: (1) the extent to which a "judgment rendered in the person's absence might be prejudicial to the person or those already parties"; (2) "the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided"; (3) "whether a judgment rendered in the person's absence will be adequate;" and (4) "whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder." FED. R. CIV. P. 19(b).

The Supreme Court has held that a corporation is a necessary party to a derivative action. *Ross v. Bernhard*, 396 U.S. 531, 538 (1970). That is certainly true here, as the LLC is the real party in interest in McGee's claims for wrongful dissolution and usurpation of corporate opportunity. Moreover, if the LLC is not joined, it could file an independent suit against Dresnick, leaving him subject to a substantial risk of incurring double or inconsistent obligations. Consequently, the LLC is a necessary party to the derivative claims.

The LLC is also indispensable. As a citizen of both Florida and Illinois, *see Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) (stating that "the citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members"), the LLC cannot be joined to this suit without destroying diversity. Yet, if this case proceeds in its absence, Dresnick may be subject to a subsequent lawsuit on the same claims, prejudice that cannot be eliminated or lessened by protective provisions in the judgment. McGee, on the other hand, will suffer no prejudice if the derivative claims are dismissed for nonjoinder because he can pursue them in state court.

McGee argues that the LLC in this case cannot be an indispensable party because, having been dissolved by Dresnick, it no longer exists. There are two problems with this argument.

7

First, though McGee alleges that the LLC was dissolved, he also alleges that the dissolution was improper. (Am. Compl. ¶¶ 72-76.) Thus, it is not clear from the amended complaint whether the attempted dissolution was effective. Second, even if it was, dissolution does not preclude the LLC from being a party to a lawsuit. According to Illinois law, an LLC exists as a going concern after dissolution "for the purpose of winding up its affairs." 805 ILL. COMP. STAT. 180/35-3(a). In the course of winding up its affairs, a dissolved LLC may, among other things, "prosecute and defend actions and proceedings." 805 ILL. COMP. STAT. 180/35-4(c). That is exactly what the LLC, through the derivative claims filed by McGee, has done. Thus, McGee's allegation that the LLC is dissolved does not shield it from the reach of Rule 19.

In short, the LLC, whose joinder would destroy diversity, is a necessary party to the derivative claims. Moreover, after considering the Rule 19(b) factors, the Court concludes that the LLC is also an indispensable party and cannot "in equity and good conscience" permit those claims to proceed without it. FED. R. CIV. P. 19(b); see Bagdon v. Bridgestone/Firestone, Inc., 916 F.2d 379, 382 (7th Cir. 1990) ("If this is a derivative suit, the corporation is an indispensable party."). Thus, the derivative claims must be dismissed.

The situation is different for the individual claims. Those claims are based on Dresnick's allegedly unauthorized use of McGee's business materials and his alleged failure to reimburse McGee for half of the expenses incurred in the parties' pursuit of PhyAmerica. The LLC has no interest in these claims; they are personal to McGee. As a result, joinder of the LLC is not necessary to accord McGee complete relief and its absence does not subject Dresnick to the risk of inconsistent obligations. The LLC is, therefore, neither a necessary or an indispensable party to these claims.

8

## Conclusion

For the reasons set forth above, defendant's motion to dismiss [doc. no. 11] is granted in part and denied in part. The breach of fiduciary duty and breach of contract claims based on Dresnick's alleged usurpation of the PhyAmerica deal and his alleged dissolution of the LLC alleged in Counts I and II, the promissory estoppel and unjust enrichment claims based on Dresnick's alleged usurpation of the deal alleged in Counts III and V, and the fraudulent misrepresentation claim asserted in Count IV are dismissed without prejudice. In all other respects, the motion is denied.

SO ORDERED.   ENTERED: 8/24/08

HON. RONALD A. GUZMAN
United States District Judge